Jensen, Justice, dissenting.
[¶11] M.M. appeals from the juvenile court's denial of his motion to dismiss following a determination that a hearing held in excess of 30 days from the date the petition was filed was timely under N.D.R.Juv.P. 2(a)(3). The majority opinion affirms the juvenile court by reading ambiguity into Rule 2(a)(3), going outside the rule itself to resolve the ambiguity, and relying on a source expressly precluded from being considered for a determination of timeliness. Because the hearing on the petition was not held within 30 days of the filing of the petition as required by Rule 2(a)(3), I would reverse.
[¶12] A petition seeking a determination that M.M. was a delinquent child was filed on October 17, 2018. The adjudicative hearing was set for November 27, 2018. On November 21, 2018, more than 30 days after the petition had been filed and prior to the scheduled adjudicative hearing, M.M. filed a motion to dismiss asserting that the failure to hold an adjudicative hearing within 30 days from the date the petition was filed violated N.D.R.Juv.P. 2(a)(3). There is no disagreement that the failure to comply with the deadlines established in N.D.R.Juv.P. 2(a)(3) would require dismissal.
[¶13] The State, in its response to the motion to dismiss, did not assert N.D.R.Juv.P. 2(a)(3) is ambiguous. The juvenile court denied M.M.'s motion to dismiss without explanation and without any reference to the rule being ambiguous. Ambiguity with regard to the rule was raised for the first time, on appeal, in the majority opinion.
[¶14] Rule 2(a)(3), N.D.R.Juv.P., states:
Petition Hearing . After the petition has been filed, the court must set a hearing, except in a continued foster care matter under N.D.C.C. § 27-20-30.1, in which a hearing is optional.
(A) Unless a continuance is granted under Rule 2(c), the hearing on the *136 petition must not be held later than 30 days after the filing of the petition.
(B) If the child is in detention, the time for the initial hearing on the petition must not be later than 14 days after the child has been taken into custody.
(C) If a child is in shelter care, the petition must be filed within 30 days after the child has been taken into shelter care. The hearing on the petition must be held and findings made within 60 days of the initial removal.
(Emphasis added). The majority opinion concludes there is ambiguity in the rule and determines to apply principles of statutory construction to ascertain intent. While lower courts and litigants should apply these principles to interpret our rules, it is puzzling for this Court that adopted the rule to seek extrinsic aids to determine the intended meaning of the rule it adopted. If one of our rules is ambiguous, it is our obligation to amend it. Following statutory construction principles, the majority opinion goes outside of the rule itself to resolve the ambiguity, and then relies on time standards that are expressly prohibited from being used to determine the timeliness of court proceedings to reach its result.
[¶15] A plain reading of N.D.R.Juv.P. 2(a)(3) itself mandates a determination that the final adjudicative hearing must be held within 30 days of the filing of the petition, unless a continuance is granted. First, the actual phrasing used within the rule is that "the hearing" must be held within 30 days of the filing of the petition. The majority opinion, in paragraph 7, recognizes that "the hearing" in subparagraph (A) is distinguishable from "the initial hearing" in subparagraph (B), but subsequently concludes they are identical in meaning. The absence of another modifier such as the term initial before the use of the term "hearing" is an indication that the final adjudicative hearing on the petition must be completed within 30 days. Second, the phrase "the hearing" is used in both subsection (A) and (C) of Rule 2(a)(3). There is no question that the phrase "the hearing" as used in subsection (C) is a reference to the final adjudicative hearing. The majority opinion requires the reader to ignore how the phrase is used in subsection (C) of the same rule. Third, the majority opinion does not simply require a choice between two different readings of the same language. To reach the result in the majority opinion, the reader is required to insert the word "initial" in subsection (A) where it does not otherwise exist. The inappropriateness of inserting the word "initial" becomes apparent when reading the next subsection, subsection (B), which includes a reference to "the initial hearing." The majority opinion therefore must assume when this Court adopted the rule it forgot to include the word "initial" within subsection (A) but remembered to include "initial" in the very next subsection. In my opinion, the reference to "the hearing" in subsection (A) is a reference to the final adjudicative hearing just as the phrase is used in subsection (C), and we are not required to go beyond a plain reading of the rule itself to resolve this case.
[¶16] The majority opinion's exclusive basis for reaching its interpretation is a reference to time standards set out in Unified Judicial System Policy 409 (Juvenile Court Time Standards) (effective June 1, 2014). Policy 409 expressly excludes the time standards from being used to argue the disposition of a case was untimely and should be dismissed. It stands to reason the converse should also be true, that the time standards in Policy 409 should not be used to argue that disposition of a case was timely. Without its reliance upon Policy *137 409, the majority opinion has no rationale for its interpretation of N.D.R.Juv.P. 2(a)(3).
[¶17] The parties agree the adjudicative hearing was not held within 30 days from the date the petition was filed. Because N.D.R.Juv.P. 2(a)(3) requires the adjudicative hearing to be held within 30 days from the date the petition was filed, unless a continuance is granted, the petition must be dismissed. I would therefore reverse.
[¶18] Jon J. Jensen
Jerod E. Tufte